IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **KELON RENORDO HARDIN** ) | CR #: 2:01-559 | |
|    **Petitioner** ) | | |
| ) | | |
| vs. ) | **ORDER** | |
| ) | | |
| **UNITED STATES OF AMERICA** ) | | |
|    **Respondent** ) | | |

Petitioner, Kelon Renordo Hardin ("Hardin") has asked this court to vacate his sentence pursuant to 28 U.S.C. § 2255. On January 15, 2002, Hardin was convicted by a jury for various drug and firearm offenses, including possession with intent to distribute more than 50 grams of crack cocaine and using and carrying a firearm in furtherance of this drug tracking crime. On June 21, 2002, Hardin was sentenced to life imprisonment. Hardin filed a direct appeal of the conviction and sentence.

The Fourth Circuit affirmed Hardin's conviction, but vacated the life sentence and remanded for resentencing because the Government had not provided proper notice of his two qualifying predicate offenses. *United States of America v Kelon Renordo Hardin*, 108 Fed Appx. 74 (4th Cir. 2004). On September 9, 2004, the undersigned resentenced Hardin to 528 months imprisonment. Hardin filed another direct appeal, and the Fourth Circuit affirmed the sentence. *United States v Kelon Renordo Hardin*, 151 Fed. Appx. 267 (4th Cir. 2005). Hardin did not file a petition for certiorari to the Supreme Court. To celebrate the fifth anniversary of his conviction, Hardin filed the instant 2255 petition on January 15, 2007.

## ANALYSIS

Hardin's Motion is largely based on his misapprehension that crack cocaine is not a controlled substance. This argument must be based on the advice of some "jailhouse" lawyer because crack cocaine is indeed a scheduled II controlled substance. 21 U.S.C. § 812(c) states that "cocaine, its salts, optical and geometric isomers...or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph" is a controlled substance. *See also United States v Collins*, 401 F.3d 212, 221 (4th Cir. 2005). Crack cocaine is obviously a compound, mixture, or preparation which contains cocaine and other materials and therefore is indisputably a controlled substance. *See also* U.S.S.G. § 2D1.1(c).

Building on this argument, Hardin posits that his lawyer was ineffective for "not motioning the trial court to dismiss the drug charges as a non-crime" based on this theory that crack cocaine is not a controlled substance. In order to prevail on a claim of ineffective assistance of counsel, Hardin must show that (1) his counsel's performance was deficient; and (2) the counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687-92 (1984). Hardin's ineffective assistance of counsel claim is meritless. His trial counsel was not deficient for failing to argue that crack cocaine is not a controlled substance. As noted above, crack cocaine is indisputably a controlled substance, and it would have been a fool's errand for his counsel to argue otherwise. Hardin cannot meet his burden under *Strickland* because he cannot show that his counsel's performance was deficient.

Switching gears, Hardin argues that the Government violated the 18 U.S.C. §

201 by "paying" two of his co-defendants to testify against him. He further argues that his counsel was ineffective for not objecting to the "paying" of these witnesses. It is unclear whether Hardin alleges that the Government "paid" these witnesses with money, or that it "paid" these witnesses by offering leniency in exchange for their testimony.

There is no evidence that the Government paid money to any witness to testify against Hardin. In the same vein, there is no precedent supporting Hardin's position that it violates 18 U.S.C. § 201 for the Government to ask the court for leniency in exchange for truthful testimony. As a matter of fact, this argument has been rejected repeatedly. *See United States v. Singleton*, 165 F.3d 1297, 1302 (10th Cir. 1999) (18 U.S.C. § 201 does not apply to the Government in criminal prosecutions); *United States v. Reid*, 19 F. Supp. 2d 534, 535-538 (E.D. Va. 1998). Not only is this practice not a crime, but the Government is permitted under the Sentencing Guidelines to ask the court to reduce the sentence of witnesses who provide substantial assistance in the investigation or prosecution of another person. *See* U.S.S.G. § 5K1.1. Hardin's counsel was not ineffective for not objecting to the "paying" of witnesses because it would have been frivolous to do so.

Hardin's next argument is that his counsel was ineffective because there was no "independent evidence besides the coconspirator testimony" of his guilt. This argument is demonstrably false. During the investigation, the authorities conducted a controlled purchase of crack cocaine from Hardin in June 10, 2001 and executed a search warrant at his house on June 12, 2001. The audio recording of the controlled

purchase - in which Hardin is heard selling crack cocaine to the informant - was introduced at trial. Hardin had a Glock pistol within reach when he sold the crack. The 51.13 grams of cocaine, .34 grams of crack cocaine, two Glock .45 caliber pistol boxes, ammunition, digital scales and $2500 in cash were found during the search of Hardin's residences and were introduced at trial. Obviously there was a great amount of evidence against Hardin other than the coconspirator testimony[1], and his attorney could not have argued otherwise.

Incorporating and realleging a couple of his initial arguments, Hardin next argues that his attorney failed to make a "real motion pursuant to Rule 29" for a judgment of acquittal at the conclusion of the trial. Hardin again states that his attorney should have argued that crack cocaine is not a controlled substance; that there was no independent evidence of the conspiracy; and that the Government bribed the witnesses. For the reasons noted above, these arguments still lack merit. Hardin fails to mention that when his attorney made the Rule 29 motion, he was successful in getting Count 2 dismissed.

Hardin continues and posits that the evidence "cannot support the firearm counts" and fails to show that the firearms affected interstate commerce. Two witnesses testified that Hardin had used a Glock pistol in furtherance of his drug trafficking, and two Glock pistol boxes and ammunition found in the search of his home were introduced at trial. To prove the interstate nexus, Hardin stipulated that the

---

[1] One of the co-conspirators that Hardin complins about was his wife Candace who testified at trial about Hardin's extensive drug sales and weapons possession.

ammunition had been shipped and transported in interstate commerce. Furthermore the Government called an employee of the gun store where one of Hardin's firearms was purchased who testified that all Glock firearms are manufactured in a state other than South Carolina.

Falling back on his first argument, Hardin avers that his counsel was deficient regarding the jury instructions because "crack cocaine is not a listed controlled substance" and "trial counsel said nothing." Nothing has changed, crack cocaine is still indisputably a controlled substance; for his counsel to argue otherwise regarding the jury instructions would have been senseless.

Hardin next argues that his appellate counsel was ineffective. Hardin seems to fault his appellate counsel for not appealing the sentencing guideline enhancements. The court cannot find that Hardin's appellate counsel was ineffective since he prevailed in his first appeal and convinced the Fourth Circuit to vacate Hardin's life sentence. *See United States of America v. Kelon Renordo Hardin*, 108 Fed. Appx. 74, (4th Cir. 2004). At resentencing, counsel argued that the sentencing guideline enhancements were unconstitutional and should not be applied. Hardin's appellate counsel appealed this court's rulings with regard to these enhancements but was unsuccessful. *United States v. Kelon Renordo Hardin*, 151 Fed. Appx. 267 (4th Cir. 2005).

Hardin further argues that his appellate counsel did not appeal the "vindictiveness" of the court "where the original 30 year sentences were raised by considerable years without any recorded explanation on the face of the record."

Hardin was originally sentenced to life imprisonment. At resentencing, the court could have resentenced Hardin to life. Although the Government argued for a life sentence, the court sentenced Hardin to 528 months. Hardin's sentence was not "raised" at resentencing, nor is there any evidence that the court was "vindictive." Hardin's appellate counsel could not have argued otherwise.

Coming full circle, Hardin states his appellate counsel was ineffective for not appealing based on the insufficiency of the evidence, the legality of crack cocaine, and the Government's "paying" of witnesses. For the reasons discussed earlier, these arguments are still flawed, and his appellate counsel was not ineffective for failing to make these arguments on appeal. Hardin has not shown that his appellate counsel's performance was deficient as required by *Strickland v. United States*, 466 U.S. 668, 687-92 (1984).

Grasping at the same straw one last time, Hardin alleges that the Government engaged in prosecutorial misconduct by securing an indictment for "offenses that are not federal criminal offenses" and for "paying" witnesses to testify against him. As noted earlier, crack cocaine is a controlled substance under federal law, and it is a federal crime to distribute it. Again, there is no evidence that the Government "paid" any witness to testify against Hardin.

NOW, THEREFORE, IT IS ORDERED THAT petitioner's Motion to Vacate be DENIED. Petitioner's Motion to Compel the Court for a Transcript of the Sentencing Hearing, his Motion for an Evidentiary Hearing and his Motion to Supplement are also DENIED.

    AND IT IS SO ORDERED.

                                                                _____

Charleston, SC                                         David C. Norton
July 31, 2007                                          United States District Judge