IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR #:  2:01-559 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **KELON RENORDO HARDIN** | ) | |
| Defendant | ) | |

This matter is before the court pursuant to the passage of Amendment 706 to the Sentencing Guidelines.

Defendant, whose extensive criminal record qualified him as a Career Offender and an Armed Career Criminal, was originally sentenced to Life on June 21, 2002. On appeal, this sentence was vacated and remanded to this court. Defendant was resentenced on September 9, 2004 to a total term of imprisonment of 528 months.

As the result of the passage of Amendment 706, and in accordance with U.S.S.G. Section 1B1.10 defendant qualifies for a reduction in his base offense level from 36 to 34, plus two levels for his role, which resulted in a combined offense level of 36. However, this amendment has no effect on lowering his applicable guideline range because defendant is a Career Offender and Section 4B1.1(b)(A) mandates that his Combined Offense Level be raised from 36 to 37. Therefore, defendant's Amended Total Offense Level is 37 and his Criminal History Category of VI results in an Amended Guideline Range of 360 months to Life as to Counts 1, 3, 4, 6, 7 and 8 and a mandatory 84 month consecutive sentence as to Count 5.

Since Amendment 706 has no effect on the calculation of defendant's sentence, the sentence of 528 months shall remain unchanged.

AND IT IS SO ORDERED.

_____
David C. Norton
Chief United States District Judge

June 18, 2009
Charleston, South Carolina